Wang v. Sessions

BIA
Vomacka, IJ
A087 766 028

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand eighteen.

PRESENT:
   DENNIS JACOBS,
   PETER W. HALL,
   GERARD E. LYNCH,
         *Circuit Judges.*

_____

FENG YAN WANG, AKA TENGXIANG ZHENG,
         *Petitioner,*

   v.                                        16-1982
                                             NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
         *Respondent.*

_____

FOR PETITIONER:        Jay Ho Lee, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Stephen J. Flynn,
                       Assistant Director; Lynda A. Do,
                       Attorney; Robert Michael Stalzer,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Feng Yan Wang, a native and citizen of the People's Republic of China, seeks review of a June 13, 2016, decision of the BIA affirming an August 20, 2015, decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Yan Wang,* No. A087 766 028 (B.I.A. June 13, 2016), *aff'g* No. A087 766 028 (Immig. Ct. N.Y. City Aug. 20, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In lieu of filing a brief, the Government moves for summary denial of Wang's petition for review. Summary denial is warranted only if a petition is frivolous, *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995), and Wang has filed her merits brief. Accordingly, we treat the Government's motion as a response to that brief, and deny the petition.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented and modified by the BIA. *See Wala*

*v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the adverse credibility determination for substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on discrepancies between an applicant's oral and written statements, between an applicant's and her witness's testimony, or between an applicant's testimony and other record evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "An applicant's failure to corroborate . . . her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The BIA emphasized two discrepancies that, along with the lack of reliable corroborating evidence, provide substantial

3

evidence for the adverse credibility ruling. First, the agency reasonably relied on Wang's conflicting descriptions of her mistreatment in detention. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In her 2010 credible fear interview with an asylum officer, Wang stated that officers pulled her hair and slapped her face. When asked if anything else happened while she was detained, Wang said no. However, Wang's asylum application and testimony described multiple severe beatings during her three days in detention, resulting in bruises all over her body. While it is reasonable to assume that an alien's credible fear interview will be less detailed than her asylum application and hearing testimony, *see Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009), Wang's credible fear interview omitted significant details regarding her beatings, despite her being asked to add to her statement, and presented materially different accounts of her mistreatment, *see Ramsameachire v. Ashcroft*, 357 F.3d 169, 180-81 (2d Cir. 2004) (holding that where initial statement and later testimony "present materially different accounts of . . . persecution . . . the inconsistencies may render the alien's testimony incredible."). The IJ reasonably relied on Wang's omission from her credible fear interview of any

4

description of the severe harm she claims to have suffered in her asylum application and later testimony. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent.").

Wang's argument that the record of the credible fear interview was not reliable is unexhausted because Wang did not object to the admission of the credible fear record or raise any concerns about its reliability before the IJ or the BIA. *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (requiring petitioner to raise issues to the BIA in order to preserve them for judicial review).

The agency also reasonably relied on Wang's varying descriptions of what she was doing when she was arrested. At her credible fear interview, Wang said that she and the others had just started reciting the Lord's Prayer when the police arrived. However, her application stated that they were reading the Bible when the police arrived. At the hearing, Wang initially testified that the police arrived during a prayer; but on cross examination, she testified that they had not yet started praying and were reading the Bible. Wang's explanation that the prayer and reading were simultaneous does not account

5

for her testimony that the group had not yet started praying when the police arrived. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for [her] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). In addition, Wang's story differed in another aspect: Wang testified that she learned the prayer when she read it in the Bible at that meeting; but at her credible fear interview, she said she had not read the Bible.

These discrepancies combine to provide substantial support for the determination that Wang is not credible because they call into question both whether she attended an underground church and whether she was mistreated in detention. *Xiu Xia Lin*, 534 F.3d 166-67 & n.3; *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that a single material inconsistency relating to the persecution from which an applicant sought asylum provided substantial evidence for an adverse credibility determination).

6

The agency reasonably concluded that Wang's corroborating evidence did not rehabilitate her credibility. *Biao Yang*, 496 F.3d at 273. The agency was not required to credit the letter from Wang's church, as the author did not appear for cross examination and the letter suggested that Wang attended the church during a year that she lived outside of New York. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (weight afforded to evidence "lies largely within the discretion of the IJ" (internal quotation marks and alteration omitted)). Wang's husband's testimony added inconsistency regarding the frequency of Wang's church attendance, and the agency reasonably gave diminished weight to the letters from Wang's aunt and friend in China because they were authored by witnesses not available for cross examination. *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

Given the discrepancies relating to Wang's church activities and mistreatment in China, as well as her lack of rehabilitative corroborating evidence, the totality of the circumstances supports the agency's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 166-67; *Xian Tuan Ye*, 446 F.3d at 295-96; *Biao Yang*, 496 F.3d at 273. Because Wang's

7

claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the Government's motion for summary denial is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8